Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 10, 2020

## 2020 CO 11

**No. 19SC370** *M.A.W. v. The People in Interest of A.L.W.*—**Dependency and Neglect**—**Ineffective Assistance of Counsel**—**Standard of Review.**

This case is a companion case to *People in Interest of A.R.*, 2020 CO 10, __ P.3d __, which we are also deciding today. For the reasons discussed at length in *A.R.*, the supreme court concludes that the proper test for prejudice in the context of a claim of ineffective assistance of counsel in a dependency and neglect proceeding is the test for prejudice set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), and not a fundamental fairness test. Accordingly, to establish prejudice from counsel's deficient performance in a dependency and neglect proceeding, a party must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The supreme court further concludes that an appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding on the ground of ineffective assistance of counsel without remanding for further fact-finding when either (1) the record is sufficiently developed to allow the appellate court to decide the question of counsel's ineffectiveness or (2) the record establishes presumptive

prejudice under the standard set forth in *United States v. Cronic*, 466 U.S. 648, 656–62 (1984).

Applying these principles here, the supreme court concludes that the juvenile court correctly applied *Strickland*'s prejudice prong to father's ineffective assistance of counsel claims and that the court did not abuse its discretion in rejecting those claims.

Accordingly, the supreme court affirms the judgment terminating father's parental rights.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2020 CO 11

---

**Supreme Court Case No. 19SC370**
*C.A.R. 50 Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 19CA452
Adams County District Court, Case No. 16JV122
Honorable Priscilla J. Loew, Judge

---

**Petitioner/Cross-Respondent:**

M.A.W.,

v.

**Respondent/Cross-Petitioner:**

The People of the State of Colorado,

**In the Interest of Minor Child:**

A.L.W.

---

**Judgment Affirmed**
*en banc*
February 10, 2020

---

**Attorneys for Petitioner/Cross-Respondent:**
The Noble Law Firm, LLC
Matthew Fredrickson
Tara Jorfald
    *Lakewood, Colorado*

**Attorney for Cross-Petitioner the People of the State of Colorado:**
Katherine Gregg

*Westminster, Colorado*

**Attorneys for Minor Child:**
Anna N.H. Ulrich Attorney at Law, L.L.C.
Anna N.H. Ulrich, Guardian ad litem
   *Crestone, Colorado*

**Attorney for Amicus Curiae Office of Respondent Parents' Counsel:**
Ruchi Kapoor
   *Denver, Colorado*

**Attorneys for Amicus Curiae Office of the Child's Representative:**
Sheri Danz
Cara Nord
   *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

2

¶1 This case is a companion case to *People in Interest of A.R.*, 2020 CO 10, __ P.3d __, which we are also deciding today. Here, as in *A.R.*, we are asked to decide (1) the correct standard for determining whether a parent in a dependency and neglect proceeding was prejudiced by counsel's ineffective performance and (2) whether an appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding on the ground of ineffective assistance of counsel without remanding the case for further evidentiary development.[1]

---

[1] Specifically, in light of our grant of certiorari in *A.R.*, we granted certiorari here, pursuant to C.A.R. 50, to decide:

1. Whether a determination of "fundamental fairness" is the best means of analyzing the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), when assessing ineffectiveness of parent's counsel on appeal from a termination order in a dependency and neglect case.

2. Whether evidence of parent's counsel electing to do nothing during a termination proceeding is sufficient evidence of ineffectiveness such that the court of appeals can vacate a trial court's decision in dependency and neglect cases without the unnecessary delay inherent in remanding the case.

3. Whether the court of appeals, in departing from the decisions of other divisions [of] the court of appeals, correctly designated "fundamental fairness" as the best means to apply the second prong of the analysis as described in *Strickland v. Washington*, 466 U.S. 668 (1984), when assessing whether a parent's trial counsel was ineffective in an appeal from a termination order in a dependency and neglect case.

¶2　For the reasons discussed at length in *A.R.*, we conclude that the proper test for prejudice in the context of a claim of ineffective assistance of counsel in a dependency and neglect proceeding is the test for prejudice set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), and not a fundamental fairness test. Accordingly, to establish prejudice from counsel's deficient performance in a dependency and neglect proceeding, a party must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* We further conclude that an appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding on the ground of ineffective assistance of counsel without remanding for further fact-finding when either (1) the record is sufficiently developed to allow the appellate court to decide the question of counsel's ineffectiveness or (2) the record establishes presumptive prejudice under the standard set forth in *United States v. Cronic*, 466 U.S. 648, 656–62 (1984).

---

4. Whether an appellate court may vacate a trial [court's] decision in a dependency and neglect case without remanding the case to the trial court to make findings under *Strickland*'s two-part test.

¶3 Applying these principles here, we conclude that the juvenile court correctly applied *Strickland*'s prejudice prong to father's ineffective assistance of counsel claims and that the court did not abuse its discretion in rejecting those claims.

¶4 Accordingly, we affirm the judgment terminating father's parental rights.

## I. Facts and Procedural History

¶5 In June 2016, shortly after the child's birth, the Boulder County Department of Housing and Human Services initiated this case based on evidence that the child's mother was using drugs and that both father and the child's mother were missing the child's cues, were homeless, and had previously been involved in child welfare cases. The child was placed with maternal relatives.

¶6 As pertinent here, the juvenile court in Boulder adjudicated the child dependent and neglected as to father based on father's admission that he needed support and services and that the child's environment was injurious to her welfare. Shortly thereafter, because father and the child's mother had a history of receiving services and residing in Adams County, venue was transferred there.

¶7 At the first hearing in the juvenile court in Adams County, father appeared in custody following a recent arrest. The court appointed counsel for him and approved an initial treatment plan that required father to (1) provide an environment for the child that was safe, stable, and free of substance abuse; (2) resolve his criminal charges; (3) safely and effectively parent his child; and

5

(4) work cooperatively with the Adams County Department of Human Services (the "Department"). The court also ordered father to contact the Department's caseworker when he was released from custody, so that assessments could be completed and a comprehensive treatment plan could be developed.

¶8 Two months later, the court conducted another hearing, and father again appeared in custody, this time based on new drug possession charges. At the hearing, both father and his counsel represented to the court that after father had been released from custody following the initial Adams County hearing, he had tried to contact the caseworker but was unsuccessful.

¶9 A little over a year later, the Department filed a motion to terminate father's parental rights. In this petition, the Department alleged that (1) father did not comply with his treatment plan, and the treatment plan failed; (2) no additional period of time would allow for the successful completion of the treatment plan; (3) father was an unfit parent; (4) father's conduct or condition was unlikely to change within a reasonable period of time; and (5) there were no less drastic alternatives to termination, which would be in the child's best interests.

¶10 The matter then proceeded to a termination hearing. At the time of the hearing, father was incarcerated in the Arapahoe County Jail. When father did not appear for the hearing, father's counsel told the court that father was "on a writ at Arapahoe County and he refused the writ so he did not want to appear today."

Father's counsel did not seek a continuance to ensure father's presence, and the court found that father had voluntarily absented himself from the court.

¶11 Counsel for the child's mother, however, then requested a continuance, "so that [the mother] may become [sic] into compliance with her treatment plan." The court denied this motion, noting that a continuance would require the court to make specific findings to justify resetting the hearing beyond the deadlines set forth in the expedited permanency planning guidelines, which applied here because the child was under six years of age. The court further found that the mother had not shown good cause for a continuance.

¶12 The hearing proceeded, and as pertinent here, all counsel waived any opening statements. The Department then offered testimony from one witness, namely, the ongoing caseworker. Before the caseworker testified, all of the parties stipulated that she was qualified to offer testimony as an expert in social work with an emphasis in child protection. The caseworker then testified, as pertinent here, that father (1) had had no contact with the child since she was discharged from the hospital after her birth; (2) was not compliant with his treatment plan; (3) was an unfit parent; and (4) had not reached out to the caseworker at any time. The caseworker further testified that she did not believe that father's conduct or condition was likely to change within a reasonable time and that adoption was in

the child's best interest, and she authenticated the Department's termination report, which was admitted into evidence without objection.

¶13 After the caseworker completed her direct testimony, father's counsel declined to cross-examine her. In addition, father's counsel did not call any witnesses of his own and did not make a closing argument on father's behalf (indeed, none of the parties' counsel made any closing arguments).

¶14 At the conclusion of the hearing, the court ruled from the bench that (1) father was an unfit parent and (2) based on father's noncompliance with his treatment plan and the fact that he had made no effort to contact the Department or to maintain a relationship with his child, father's condition of unfitness was not likely to change within a reasonable period of time. The court thus ordered that father's parental rights be terminated.

¶15 Two weeks later, father filed a verified motion pursuant to C.R.C.P. 59 to allow him to provide testimony by written statement. In this motion, father attested under oath that he had wanted to participate in the termination hearing but that no one came to pick him up on the date of the hearing. Father further stated that during one of his releases from incarceration, he had contacted the Department but that no one returned his calls.

¶16 The court accepted father's written statement into the record as his termination hearing testimony but maintained its prior oral termination ruling.

Thereafter, the court issued a written termination order confirming its bench ruling terminating father's parental rights.

¶17 Father then appealed, contending that his trial counsel had rendered ineffective assistance at the termination hearing by (1) not presenting any opening statement or closing argument on father's behalf; (2) not presenting any evidence on father's behalf; (3) not cross-examining the caseworker; (4) not objecting to the Department's endorsement of the caseworker as an expert; and (5) stipulating to the caseworker's being qualified as an expert. *People in Interest of A.L.W.*, No. 17CA1239, ¶ 17 (Colo. App. Aug. 16, 2018).

¶18 In a unanimous, unpublished opinion, a division of the court of appeals declined to speculate as to why father's counsel acted as he had. *Id.* at ¶ 21. The division noted father's contention that his counsel might have been able to make a few good faith arguments on father's behalf, but the division observed that it was not well-positioned to determine whether such arguments might have been successful. *Id.* at ¶¶ 22–23. The division thus left it to the juvenile court to evaluate all such issues at an evidentiary hearing on remand. *Id.* at ¶ 23. Notably, in remanding the case, the division did not indicate what standard the juvenile court was to use in making additional findings and orders. The division instructed, however, that if the juvenile court found no ineffective assistance of counsel, then

9

the termination judgment would stand affirmed, subject to father's right of further appeal. *Id.* at ¶ 26.

¶19 On remand, father contended, through new counsel, that his trial counsel was ineffective in (1) not facilitating the Department's reasonable efforts to rehabilitate the family prior to the termination and then in not objecting to the Department's failure to make such reasonable efforts; (2) not pursuing a less drastic alternative to termination; (3) not communicating with father; and (4) not advocating zealously on father's behalf at the termination hearing. In further support of this last point, father asserted that his trial counsel was ineffective in (1) not requesting a continuance when he was told that father had refused the writ; (2) declining to make either an opening statement or closing argument; (3) not cross-examining the caseworker on the issues of reasonable efforts and less drastic alternatives; and (4) stipulating that the caseworker was an expert.

¶20 The court then conducted a two-day evidentiary hearing to consider these claims. At this hearing, the court heard testimony from the relative with whom the child had been placed, father's trial counsel, the caseworker, father himself, and an expert on the question of the ineffective assistance of counsel.

¶21 As pertinent here, trial counsel testified that he had encouraged father to maintain contact with him, with the Department, and with the child's guardian ad litem but that father did not call him or answer his letters. Trial counsel further

10

testified that he did not ask for a continuance or take a position at the termination hearing because (1) he had had no direct contact with father as to how father wanted to proceed at the termination hearing; (2) father had never informed counsel that he wanted to contest termination; and (3) on the day of the hearing, counsel was told that father had refused to come to court.

¶22 Father's expert then testified that trial counsel was ineffective at the termination hearing by (1) not seeking a continuance to ensure father's presence at the hearing; (2) making no opening statement or closing argument; (3) taking no position on the reasonableness of the Department's efforts or on less drastic alternatives; (4) presenting no evidence or witnesses; (5) conducting no voir dire of the caseworker; and (6) stipulating to the admission of the termination report.

¶23 Applying both the *Strickland* standard for ineffective assistance of counsel and the fundamental fairness test adopted by the division in *People in Interest of A.R.*, 2018 COA 176, ¶¶ 47–56, __ P.3d __, *aff'd on other grounds*, 2020 CO 10, the court ultimately rejected each of father's assertions.

¶24 As pertinent here, the court first found that father's trial counsel did not fail to facilitate the Department's reasonable efforts to rehabilitate the family. The court observed that father's treatment plan required him to contact the Department, that parents are responsible for ensuring compliance with their

treatment plans, and that counsel had repeatedly encouraged father to comply with his treatment plan but to no avail.

¶25 Second, the court found that trial counsel had not failed to pursue less drastic alternatives to termination, particularly in not advocating for an allocation of parental responsibilities ("APR") to the family with whom the child was placed. The court noted that it would have been inappropriate for counsel to make such an argument when father had not asked counsel to seek such an APR.

¶26 Third, the court rejected father's assertion that trial counsel had failed to communicate with father. In so ruling, the court credited trial counsel's testimony that he had made a number of efforts to contact father.

¶27 Finally, with respect to father's claims that trial counsel was ineffective in the course of the termination hearing by not asking for a continuance, not addressing whether the Department had made reasonable efforts to rehabilitate the family, not making an opening statement or closing argument, and not cross-examining the caseworker, the court found deficient conduct in part but no prejudice. Specifically, the court concluded that counsel's representation was deficient in not requesting a continuance and in not cross-examining the caseworker. The court found, however, that such conduct was not prejudicial under either the *Strickland* or fundamental fairness tests. In so finding, the court reasoned that the record revealed no prejudice under the *Strickland* standard

12

because the record showed that (1) the court would have denied a motion for a continuance had father made one because of the expedited permanency planning deadlines and (2) "the facts . . . of this case are so very clear that any cross-examination of the caseworker would not have resulted in something different." Similarly, the court concluded that the record revealed no prejudice under the fundamental fairness test because the evidence did not establish that counsel's failure to request a continuance or to cross-examine the caseworker deprived either the court of essential information favorable to father or father of a significant procedural safeguard.

¶28 The court thus concluded that father had not shown that his trial counsel was ineffective in this case. Accordingly, the termination order stood affirmed.

¶29 Father again appealed, but while his appeal was pending, this court granted certiorari in *A.R.* Because the present case raises many of the same issues as were presented in *A.R.*, father petitioned this court for certiorari under C.A.R. 50, the Department cross-petitioned under the same rule, and we granted both petitions.

## II. Analysis

¶30 We begin by setting forth the appropriate standard of review. We then reiterate our conclusions in *A.R.*, which we are also deciding today and which resolves the issues on which we granted certiorari here. We end by applying the pertinent legal standards to the facts and claims in this case, and we conclude that

13

the juvenile court did not abuse its discretion in terminating father's parental rights.

## A.  Standard of Review

¶31    A determination of the proper legal standard to be applied in a case and the application of that standard to the particular facts of the case are questions of law that we review de novo.  *See Carousel Farms Metro. Dist. v. Woodcrest Homes, Inc.*, 2019 CO 51, ¶ 18, 442 P.3d 402, 407; *State ex rel. Weiser v. Castle Law Grp., LLC*, 2019 COA 49, ¶ 35, __ P.3d __; *In re Marriage of Krejci*, 2013 COA 6, ¶ 3, 297 P.3d 1035, 1037.

¶32    In addition, we review the juvenile court's evidentiary rulings in a termination of parental rights proceeding for an abuse of discretion.  *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9, 440 P.3d 1272, 1276.  The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or when it misapplies the law.  *Id.*  We will not disturb the juvenile court's findings on review if the record supports them.  *People in Interest of C.H.*, 166 P.3d 288, 290 (Colo. App. 2007).

## B.  Applicable Legal Standards

¶33    As noted above, this case principally asks us to decide the correct standard for determining whether a parent in a dependency and neglect proceeding was prejudiced by his or her counsel's ineffective performance and whether an

14

appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding on the ground of ineffective assistance of counsel without remanding the case for further evidentiary development.

¶34 For the reasons discussed at length in *A.R.*, ¶¶ 46–60, we conclude first that the proper test for prejudice in the context of a claim of ineffective assistance of counsel in a dependency and neglect proceeding is the test for prejudice set forth in *Strickland*, 466 U.S. at 694, and not a fundamental fairness test. Accordingly, to establish prejudice from counsel's deficient performance in a dependency and neglect proceeding, a party must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

¶35 Next, for the reasons set forth in *A.R.*, ¶¶ 61–67, we have concluded that an appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding on the ground of ineffective assistance of counsel without remanding for further fact-finding when either (1) the record is sufficiently developed to allow the appellate court to decide the question of counsel's ineffectiveness or (2) the record establishes presumptive prejudice under the standard set forth in *Cronic*, 466 U.S. at 656–62. Here, however, the juvenile court, on remand from the court of appeals, conducted an evidentiary hearing to allow father to develop a factual record in support of his ineffective assistance of counsel claims. Accordingly, this

case presents no issue as to whether an appellate court in a termination of parental rights matter can decide an ineffective assistance claim without remanding the case for further factual development.

¶36 The question thus becomes whether father has shown, in light of these standards, that the juvenile court abused its discretion in rejecting his ineffective assistance of counsel claims in this case. We turn next to that question.

## C. Merits of Father's Ineffective Assistance Claims

¶37 As noted above, father contended in the juvenile court that his trial counsel was ineffective in multiple ways. Applying the appropriate test for deficient conduct, the juvenile court rejected most of father's claims, finding deficient conduct only with respect to counsel's failures to request a continuance of the termination hearing and to cross-examine the caseworker. As to these issues, the court found no prejudice under either the *Strickland* standard or the fundamental fairness test.

¶38 In our view, each of the juvenile court's findings, which we describe at length above, was amply supported by the record. Moreover, because the court found no prejudice under either the *Strickland* standard or the fundamental fairness test, we perceive no error of law in the court's analysis.

¶39 Accordingly, we conclude that the juvenile court did not abuse its discretion in rejecting each of father's ineffective assistance of counsel claims. *See A.N-B.*, ¶ 9, 440 P.3d at 1276; *C.H.*, 166 P.3d at 290.

## III. Conclusion

¶40 For these reasons, we conclude that the proper test for prejudice in the context of a claim of ineffective assistance of counsel in a dependency and neglect proceeding is the test for prejudice set forth in *Strickland*, 466 U.S. at 694, and not the fundamental fairness test adopted by the division in *A.R.*. Thus, to establish prejudice from counsel's deficient performance in a dependency and neglect proceeding, a party must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. We further conclude that an appellate court may vacate a juvenile court's decision in a dependency and neglect proceeding without remanding for further fact-finding when either the record is sufficiently developed to allow the appellate court to decide the question of counsel's ineffectiveness or the record establishes presumptive prejudice under the standard set forth in *Cronic*, 466 U.S. at 656–62. Finally, we conclude that the juvenile court did not abuse its discretion in rejecting father's ineffective assistance of counsel claims in this case.

¶41 Accordingly, we affirm the judgment terminating father's parental rights.