21CA0737 Peo in Interest of JMM 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0737 El Paso County District Court No. 19JV553 Honorable Theresa M. Cisneros, Judge The People of the State of Colorado, Appellee, In the Interest of J.M.M., a Child, and Concerning M.M., Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE JOHNSON Berger and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Diana K. May, County Attorney, Melanie Douglas, Contract Attorney, Colorado Springs, Colorado, for Appellee Gina G. Bischofs, Guardian Ad Litem The Morgan Law Office, Kris P. Morgan, Colorado Springs, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, M.M. (mother) appeals the juvenile court’s order terminating her parent-child legal relationship with J.M.M. (the child). We affirm. I. Background ¶ 2 The El Paso County Department of Human Services (Department) filed a petition in dependency and neglect regarding the one-year-old child. The petition alleged that the Department received a report of mother using methamphetamine in the presence of the child. The petition also alleged that mother said she did not know which drug a urinalysis test “would be positive for” if she were required to take one. The petition further alleged that the family home was hazardous, dirty, and cluttered with needles on the floor. The petition described a previous dependency and neglect case involving mother and three older children, resulting in the termination of mother’s parental rights as to those children. ¶ 3 The juvenile court adjudicated the child dependent and neglected following a jury trial. The court adopted a treatment plan for mother requiring that she, among other things, (1) complete substance abuse and mental health evaluations and follow any recommendations; (2) obtain stable housing and employment; (3) 
2 participate in life skills and parenting classes; and (4) visit the child regularly. ¶ 4 The Department later moved to terminate mother’s parental rights. After a hearing, the juvenile court terminated mother’s parental rights. II. Standard of Review ¶ 5 To terminate parental rights, clear and convincing evidence must establish that (1) the child has been adjudicated dependent or neglected; (2) the parent did not comply with or was not successfully rehabilitated by an appropriate, court-approved treatment plan; (3) the parent is unfit; and (4) the parent’s conduct or condition is unlikely to change within a reasonable time. § 19-3-
604(1)(c), C.R.S. 2021; People in Interest of C.H., 166 P.3d 288, 289 (Colo. App. 2007). ¶ 6 Where resolution of an issue necessitates application of the termination statute to evidentiary facts, it presents a mixed question of fact and law. People in Interest of A.M. v. T.M., 2021 CO 14, ¶ 15. We review the juvenile court’s factual findings for clear error. C.R.C.P. 52. The credibility of witnesses; the sufficiency, probative effect, and weight of the evidence; and the inferences and 
3 conclusions to be drawn from the evidence are all within the province of the juvenile court. People in Interest of C.A.K., 652 P.2d 603, 613 (Colo. 1982). But a determination of the proper legal standard to be applied in a case and the application of that standard to the particular facts of the case are questions of law that we review de novo. M.A.W. v. People in Interest of A.L.W., 2020 CO 11, ¶ 31. III. Child’s Best Interests ¶ 7 Mother argues that the juvenile court erred when it found termination was in the child’s best interests because she demonstrated a loving bond during visits. We are unpersuaded. A. Applicable Law ¶ 8 A goal of a treatment plan is to preserve the parent-child relationship by assisting the parent to overcome problems that led to the adjudication. People in Interest of K.B., 2016 COA 21, ¶ 11. It is the responsibility of the parent to successfully complete the treatment plan. People in Interest of D.P., 160 P.3d 351, 354 (Colo. App. 2007). The treatment plan objectives must be “reasonably calculated to render the parent fit to provide adequate parenting to 
4 the child within a reasonable time.” People in Interest of E.S., 2021 COA 79, ¶ 31; see also K.B., ¶ 13; § 19-1-103(12), C.R.S. 2021. B. Analysis ¶ 9 The record shows that, despite her care for the child during the visits she attended, mother did not visit the child regularly. Mother missed more than half of her scheduled visits and admitted that, at the time of the termination hearing, she had not seen the child for three weeks. The juvenile court noted that even if mother disagreed with the substance abuse and mental health recommendations from the treatment plan, it expected her to be more compliant with the visitation plan. ¶ 10 As to the substance abuse and mental health requirements of the treatment plan, mother had not complied with any of the recommendations and referrals for services made by the Department. Although mother testified that she did not have a substance abuse problem, she admitted that she used methamphetamine during the case. And mother also admitted that she did not submit urinalysis tests as recommended by her substance abuse evaluation. 
5 ¶ 11 Also, mother did not have stable housing or employment and had not attended any parenting classes. ¶ 12 Because the record supports the findings that mother had not complied with the treatment plan and visitation with the child had been irregular, we see no basis to disturb the juvenile court’s termination judgment. IV. Less Drastic Alternatives ¶ 13 Mother argues that the juvenile court should have placed the child permanently with maternal grandmother as a less drastic alternative to termination. We disagree. A. Applicable Law ¶ 14 The juvenile court must consider and eliminate less drastic alternatives before it terminates the parent-child legal relationship. People in Interest of D.P., 181 P.3d 403, 408 (Colo. App. 2008). When considering less drastic alternatives, the court bases its decision on the best interests of the child, giving primary consideration to the child’s physical, mental, and emotional conditions and needs. § 19-3-604(3). ¶ 15 A less drastic alternative of long-term or permanent placement may not be appropriate when it does not provide adequate 
6 permanence or otherwise meet the child’s needs. People in Interest of M.M., 726 P.2d 1108, 1122 (Colo. 1986). When determining whether placement with a relative or other person is a viable alternative to termination, the juvenile court may consider various factors, including whether an ongoing relationship with the parent would be beneficial or detrimental to the child. People in Interest of A.R., 2012 COA 195M, ¶ 38. This determination will be influenced by a parent’s fitness to care for his or her child’s needs. See § 19-3-
604(2); A.R., ¶ 38. Long-term placement with a relative is not a viable less drastic alternative to termination if the child needs a stable, permanent home that can only be assured by adoption. People in Interest of M.B., 70 P.3d 618, 627 (Colo. App. 2003). ¶ 16 When the child is less than six years old at the filing of the petition, the expedited permanency planning (EPP) provisions apply. §§ 19-1-102(1.6), 19-1-123, C.R.S. 2021; People in Interest of M.T., 121 P.3d 309, 313 (Colo. App. 2005). The EPP provisions require that a child be placed in a permanent home as expeditiously as possible. § 19-1-102(1.6). 
7 B. Analysis ¶ 17 The record supports the juvenile court’s determination that no less drastic alternative to termination was available. ¶ 18 Nothing in the record indicates that grandmother was willing to care for the child. One caseworker testified that the Department submitted a kinship referral for grandmother but that she did not respond. The caseworker also testified that grandmother was very hard to contact and did not stay in communication. Indeed, the caseworker testified that the Department reached out to grandmother via phone, left voicemails, and sent a letter but never received a response. Case reports indicate that the previous caseworker talked with grandmother about being a placement, but she did not give a clear answer and said she would “let the caseworker know.” The Department also reported that it set up a home visit with grandmother to discuss a possible placement, but grandmother cancelled and did not reschedule the meeting. ¶ 19 Although it is true that grandmother never explicitly stated she would not be a placement option for the child, the fact that she did not respond to the Department’s repeated requests or communications demonstrated a lack of interest. No evidence in 
8 the record establishes that grandmother was willing to care for the child subject to an allocation of parental responsibilities or any other arrangement. ¶ 20 Even if grandmother was an available placement, the record likewise establishes that the child needed the permanency that only adoption could provide. Two caseworkers testified that termination and adoption by the child’s foster parents were in his best interests. ¶ 21 Based on this record, which included mother’s lack of compliance with the treatment plan, we cannot conclude that the juvenile court erred when it found no available less drastic alternative. V. Conclusion ¶ 22 We affirm the juvenile court’s judgment. JUDGE BERGER and JUDGE BROWN concur.