23CA1832 Peo in Interest of PG-E 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1832 Adams County District Court No. 21JV277 Honorable Caryn A. Datz, Judge The People of the State of Colorado, Appellee, In the Interest of P.G-E., a Child, and Concerning C.T., Appellant. JUDGMENT AFFIRMED Division V Opinion by JUDGE LUM Harris and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Heidi Miller, County Attorney, Conor Hagerty, Assistant County Attorney, Westminster, Colorado, for Appellee Alison A. Bettenberg, Guardian Ad Litem Michael Kovaka, Office of Respondent Parents’ Counsel, Littleton, Colorado, for Appellant 
1 ¶ 1 C.T. (mother) appeals the juvenile court’s judgment terminating her parent-child relationship with P.G-E. (the child). Mother’s sole contention on appeal is that the court erred by concluding that she could not become fit within a reasonable time. We perceive no error and therefore affirm. I. Background ¶ 2 The Adams County Department of Human Services filed a petition in dependency and neglect after the child was born to mother, who had a history of methamphetamine use and was behaving erratically at the hospital in the hours after the child’s birth — hiding under the hospital bed and not allowing the hospital staff to touch the child. Mother had five older children who were not in her care. ¶ 3 The court adjudicated the child dependent and neglected and adopted a treatment plan. Mother’s treatment plan required her to (1) communicate with case professionals; (2) demonstrate an ability to provide for the child’s needs and engage with life skills services; (3) obtain appropriate housing; (4) complete a dual diagnosis evaluation and comply with any recommendations and urinalysis testing; and (5) attend family time with the child. 
2 ¶ 4 The Department moved to terminate mother’s parental rights, asserting that she had not complied with her treatment plan. After a hearing, the juvenile court granted the Department’s motion. By that time, almost two years after the case opened, mother had given birth to another child (daughter) who was then four months old. II. Applicable Law and Standard of Review ¶ 5 The juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child has been adjudicated dependent or neglected; (2) the parent didn’t comply with or wasn’t successfully rehabilitated by an appropriate, court-
approved treatment plan; (3) the parent is unfit; and (4) the parent’s conduct or condition is unlikely to change within a reasonable time. § 19-3-604(1)(c), C.R.S. 2023; People in Interest of E.S., 2021 COA 79, ¶ 10. ¶ 6 When evaluating whether a parent can become fit within a reasonable time, the juvenile court may consider whether any changes occurred during the dependency and neglect proceeding, the parent’s social history, and the chronic or long-term nature of the parent’s conduct or condition. People in Interest of S.K., 2019 
3 COA 36, ¶ 75. A reasonable time is not indefinite and must be determined by considering the child’s condition and needs. Id. ¶ 7 Because the child was under the age of six when the petition was filed, the expedited permanency planning (EPP) provisions applied. § 19-1-123(1)(a), C.R.S. 2023. Those provisions require the court to place the child “in a permanent home as expeditiously as possible.” § 19-3-702(5)(c), C.R.S. 2023. ¶ 8 Where resolution of an issue necessitates application of the termination statute to evidentiary facts, it presents a mixed question of fact and law. People in Interest of A.M. v. T.M., 2021 CO 14, ¶ 15. We review the juvenile court’s factual findings for clear error. C.R.C.P. 52. The credibility of witnesses, the sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom are all within the juvenile court’s province. People in Interest of C.A.K., 652 P.2d 603, 613 (Colo. 1982). But a determination of the proper legal standard to be applied in a case and the application of that standard to the particular facts of the case are questions of law that we review de novo. M.A.W. v. People in Interest of A.L.W., 2020 CO 11, ¶ 31. 
4 III. Analysis ¶ 9 The juvenile court found that, despite a change in mother’s circumstances — her recent and commendable sobriety and progress in treatment — mother’s conduct or condition was unlikely to change within a reasonable time because of her history of substance abuse and lack of engagement in treatment. In reaching this conclusion, the court considered mother’s “sustained lack of compliance with [her] treatment plan,” her admission that she wasn’t ready to parent the child, the lack of a relationship between mother and the child, and the EPP requirements. ¶ 10 The juvenile court’s findings are supported by the record. Both mother and the caseworker testified that, after daughter was born, mother began engaging in voluntary treatment and has reported sobriety. Since daughter’s birth, mother has been in frequent contact with the caseworker. Mother’s testimony reflected self-awareness about her addiction and how it has negatively impacted her ability to parent. ¶ 11 Despite her impressive progress with treatment in the four months before the termination hearing, the record supports the court’s conclusion that mother did not substantially comply with 
5 her treatment plan. The caseworker testified that mother had attended only three court hearings in the two years the case was open and had a history of very inconsistent contact with case professionals. Mother’s life skills worker had difficulty keeping in contact with her. Until a few months before the termination hearing, the Department did not know where mother was living and suspected she was homeless. Mother never provided a urinalysis test to the Department. She never provided the results of a dual diagnosis evaluation to the Department and never participated in treatment the Department arranged for her. Finally, although the Department made family time available to mother, she never participated in a visit with the child. The caseworker, whom the court qualified as an expert in social work with an emphasis in child protection, opined that mother was not successful with her treatment plan and remained unfit. ¶ 12 During the termination hearing, mother testified that she was “mentally . . . unsure of when [she] would feel healthy enough for [the child to] fully come home.” Mother admitted that she was not yet ready to parent the child because she needed to continue to 
6 work on her substance use and mental health as well as “other areas in [her] life.” ¶ 13 The caseworker repeatedly opined that mother and the child had no relationship. According to the caseworker’s expert testimony, there was no reasonable amount of time in which mother could become fit for the child. She opined that the child, who had already waited two years, should not have to wait longer for a permanent home, and that it was in his best interests for mother’s parental rights to be terminated. ¶ 14 Although we, like the juvenile court, recognize that mother made progress in the last four months before the termination hearing, based on this record, we cannot conclude that the juvenile court erred when it determined that mother was unfit and that her condition was unlikely to improve within a reasonable period of time for the child. IV. Disposition ¶ 15 The judgment is affirmed. JUDGE HARRIS and JUDGE BROWN concur.