25CA0851 Peo in Interest of TT 10-09-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0851
Adams County District Court No. 23JV30149
Honorable Kelley R. Southerland, Judge

The People of the State of Colorado,

Appellee,

In the Interest of T.T., a Child,

and Concerning T.G.,

Appellant.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

Heidi M. Miller, County Attorney, Chelsea Kancilia, Assistant County Attorney, Denver, Colorado, for Appellee

Josie L. Burt, Guardian Ad Litem

Just Law Group, LLC, John F. Poor, Denver, Colorado, for Appellant

¶ 1     T.G. (mother) appeals the judgment terminating her parent-child legal relationship with T.T. (the child).  We affirm.

## I.     Background

¶ 2     In July 2023, the Adams County Human Services Department received a report that mother had given birth to a substance-exposed child.  Mother agreed to a safety plan, but she didn't comply with the plan, so the Department filed a petition in dependency or neglect, removed the child from mother's care, and placed the child with kin.

¶ 3     Mother admitted to the petition, and the juvenile court adjudicated the child dependent or neglected.  The court then adopted a treatment plan for mother.

¶ 4     Nearly a year later, in September 2024, the Department moved to terminate mother's parental rights.  The juvenile court held an evidentiary hearing in April 2025, at which the current caseworker and a previous caseworker testified.  After hearing the evidence, the court granted the Department's motion and terminated the parent-child legal relationship between mother and the child.

## II. Discussion

¶ 5 Mother asserts that the juvenile court erred by admitting the current caseworker's termination report under section 19-3-604(3), C.R.S. 2025. For the reasons set forth below, we discern no reversible error.

¶ 6 We review a juvenile court's evidentiary rulings for an abuse of discretion. *M.A.W. v. People in Interest of A.L.W.*, 2020 CO 11, ¶ 32. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *People in Interest of A.N-B.*, 2019 COA 46, ¶ 9.

¶ 7 Section 19-3-604(3) provides that "[f]or the purpose of determining termination of the parent-child legal relationship, written reports and other materials relating to the child's mental, physical, and social history may be received and considered by the court along with other evidence." If a party makes a request, the court "shall require that the person who wrote the report or prepared the material appear as a witness and be subject to both direct and cross-examination." *Id.*

¶ 8 At the start of the termination hearing, the juvenile court noted that it had received the termination report and asked whether

there was a "stipulation to admit [it] as Exhibit 1."  The county attorney stated that she didn't intend to offer the report into evidence and would "just go through it today."

¶ 9    However, at the close of witness testimony, the court asked whether there was any "reason why [it] could not admit" the report, "given that the two persons present have appeared and testified and have been available for cross-examination [under] section 19-3-604(3)."  Mother's counsel objected on the basis that "the court report contains hearsay, and even hearsay within hearsay."  The court overruled the objection, noting that it could "identify the hearsay" and would not "accept the [hearsay] statements" for the truth of the matter asserted.  The court indicated that it would otherwise "apply appropriate weight and consideration to the statements within the report that may be considered hearsay."

¶ 10    On appeal, mother reasserts her argument that the termination report was inadmissible under section 19-3-604(3)

because it contained hearsay.[1]  But divisions of this court have rejected identical arguments under other statutes that provide for the admission of reports under circumstances similar to those in section 19-3-604(3).  *See People in Interest of R.D.H.*, 944 P.2d 660, 664-65 (Colo. App. 1997) (considering social study and similar reports admitted under section 19-1-107(2), C.R.S. 2025); *People in Interest of A.R.S.*, 502 P.2d 92, 94-95 (Colo. App. 1972) (considering reports admitted under previous statutory provisions concerning social study and similar reports).  In those circumstances, the divisions concluded that the fact that the reports may contain hearsay becomes a matter concerning their weight and probative value, rather than their admissibility.  *R.D.H.*, 944 P.2d at 664; *A.R.S.*, 502 P.2d at 95.  Because we are persuaded by these cases,

---

[1] The Department and guardian ad litem ask us to dismiss mother's appeal because she didn't ensure that the challenged Exhibit 1 was included in the appellate record.  *See Knoll v. Allstate Fire & Cas. Ins.*, 216 P.3d 615, 617 (Colo. App. 2009) ("It is the appellant's job to ensure that the reviewing court has an adequate record.").  Although the appellate record doesn't contain a document labeled as Exhibit 1, it is clear from the record that the document the juvenile court admitted as Exhibit 1 was the termination report filed by the Department on March 25, 2025, and that document is in the record.  Therefore, there is no basis to dismiss the appeal.

4

we conclude that the juvenile court didn't abuse its discretion by admitting the report under section 19-3-604(3).

¶ 11    Mother also asserts that the juvenile court erred by admitting the report because section 19-3-604(3) only applies to reports and materials relating to *the child's* mental, physical, and social history, yet much of the content of the report related to *her* mental, physical, and social history.  We aren't convinced that information in the report relating to mother's compliance with the treatment plan didn't relate to the child's mental, physical, and social history because this information was directly relevant to mother's relationship with the child and her ability to provide appropriate care for her.  *See R.D.H.*, 944 P.2d at 664-65 (rejecting a similar argument and concluding that a termination report is the kind of report "contemplated as admissible under [section] 19-1-107").  We therefore reject mother's assertion.

¶ 12    In any event, even if we were to assume, for the sake of argument, that the juvenile court erred by admitting all or portions of the report for either of the reasons discussed above, we conclude that any putative error is harmless.  *See* CRE 103(a); C.R.C.P. 61. Mother identifies hearsay statements in the report, but she doesn't

direct us to anything in the record to indicate that the juvenile court relied on those hearsay statements in terminating her parental rights. Still, we recognize that the court referred to the termination report three times in its oral ruling. Specifically, the court referred to the report in finding that mother (1) submitted only three drugs screens; (2) didn't complete a nurturing parenting class; and (3) attended only two family engagement meetings. But the previous caseworker testified to those same subjects, providing an independent basis for the court's decision. *See R.D.H.*, 944 P.2d at 664 (concluding that any error in admitting evidence that is cumulative of other evidence is harmless). We therefore perceive no reversible error.

## III. Disposition

¶ 13    The judgment is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.